long 2 am
GO25
ADR PH Hill .



MAR 19 2003



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES F. O'NEIL and JOANN O'NEIL,

        Plaintiffs,                **COMPLAINT**

v.                                  Case No.:

EATON BROTHERS, INC.,
d/b/a EATONS' RANCH,

        Defendant

**3:03-CV-0335 FJSGLS**

---

Plaintiffs, by their attorney, Stanton M. Drazen, Esq., as and for their Complaint in the above-entitled action, allege as follows:

### FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JAMES F. O'NEIL

#### JURISDICTION

1. The jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. §1332.

2. This is a civil action in which the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

3. Plaintiffs are citizens of the State of New York.

4. Upon information and belief, defendant is a citizen or resident of the State of Wyoming.

#### PARTIES

5. At all times hereinafter mentioned, plaintiffs, James F. O'Neil and Joann O'Neil resided at 1508 Hawleyton Road, in the Town of Binghamton, County of Broome and State of New

York.

6. Upon information and belief, at all times hereinafter mentioned, Eaton Brothers, Inc. was a Wyoming corporation lawfully doing business as Eatons' Ranch at 270 Eatons' Ranch Road, in Wolf, Sheridan County, State of Wyoming.

7. Upon information and belief, at all times hereinafter mentioned, defendant transacted business throughout the United States including the State of New York through the mail, over the Internet and otherwise.

8. The nature of the lawsuit hereinafter described is a personal injury action based on premises liability and/or common law negligence.

9. At all times hereinafter mentioned, the plaintiffs, James F. O'Neil and Joann O'Neil were and still are married to each other.

10. Upon information and belief, at all times hereinafter mentioned, defendant was the owner of real property in Wolf, Wyoming, where it operated a dude ranch open to the public, for hire, including the plaintiffs.

11. Prior to and including July 14, 2000, the defendant, its agents, servants or employees was under the duty to maintain its entire premises including all bridges crossing streams, waterways, dry brooks, gulches and similar obstacles for all invitees and others at defendant's aforesaid ranch.

12. Prior to and including July 14, 2000, plaintiff was an invitee of the defendant for the purpose of horseback riding and engaging in other horse related activities at the defendant's aforesaid premises.

13. On or about July 14, 2000, while an invitee at the defendant's ranch and while riding one of the horses furnished to plaintiff James F. O'Neil, on a trail ride sponsored and directed by the

defendant and in the process of crossing a certain wooden bridge on defendant's premises, the bridge boards gave way and broke under the horse's hoof causing the horse's hoof to go through the bridge, throwing this plaintiff onto the bridge and causing the plaintiff to suffer serious physical injuries including a fractured wrist, cuts on his head and face and injuries to his shoulder.

14. Said fall and resulting injuries and damages to the plaintiff were caused solely by the negligence of the defendant, its agents, servants or employees without any negligence on the part of the plaintiff contributing thereto.

15. Said negligence of the defendant consisted of the following: failure to inspect, maintain and keep the subject wooden bridge in good, safe and working condition; failure to warn guests or other expected users of the bridge not to cross the bridge on horseback, but rather to cross through the creek; failure to provide safe premises for paying business invitees to prevent accidents that could have been avoided with diligent preventive maintenance on the bridges located on defendant's property; failure to provide adequate warning signs to users of the bridge; res ipsa loquitur; and by otherwise acting in a dangerous, careless or reckless manner without due regard for the safety of its patrons and business invitees and in particular, the plaintiff herein.

16. The aforesaid accident of the plaintiff was **not** caused by an inherent risk of horseback riding, but by the negligence of the defendant failing to properly maintain its premises for business invitees and others, including the plaintiff herein, hence is not conduct protected by the Wyoming Recreational Safety Act.

17. As a result of the injuries sustained by this plaintiff, he has medical and associated expenses, incurred lost earnings and he will lose substantial additional time and earnings in the future.

18. In addition to compensatory damages for lost income, benefits and lost income earning ability, compensatory damages and medical expenses incurred to the date of trial as a result of these injuries and for the reasonable costs of future medical expenses will be claimed as well as compensatory damages for plaintiff's physical pain, suffering and permanency, past, present and future and his emotional and psychological pain and suffering, past, present and future.

19. All of these injuries and losses were sustained by the plaintiff in this incident to his damage in the sum of One Million Dollars ($1,000,000).

### AS AND FOR A SECOND, SEPARATE AND DISTINCT
### CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JOANN O'NEIL

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through Paragraphs "18" of the first cause of action with the same force and effect as if fully set forth herein.

21. Prior to and at all times hereinafter mentioned, plaintiff, James F. O'Neil was and still is the husband of plaintiff, Joann O'Neil, in good health and fully capable of performing and actually did perform all of the duties of a husband in their dwelling for this plaintiff, his said wife.

22. As a result of defendant's culpable conduct, the said husband of plaintiff, Joann O'Neil, was severely injured and was confined to hospitals, his bed at home and otherwise confined and incapacitated for a long period of time and in consequence of said injuries, this plaintiff, Joann O'Neil, has been deprived of her husband and has suffered a loss of his consortium, love, companionship, affection, society, sexual relations, services and solace and this plaintiff is informed and believes that this impairment and loss may be of a permanent nature, all to her damage in the sum of Two Hundred Fifty Thousand Dollars ($250,000).

WHEREFORE, plaintiffs demand judgment for damages on behalf of plaintiff, James F. O'Neil in the amount of One Million Dollars ($1,000,000) and plaintiff, Joann O'Neil in the amount of Two Hundred Fifty Thousand Dollars ($250,000) for loss of services and both plaintiffs demand the costs and disbursements of this action and for such other, further and different relief as this Court may deem just and proper.

Dated: _March 18, 2003_

Yours etc.

_____
Stanton M. Drazen, Esq.
Attorney for Plaintiffs
James F. O'Neil and Joann O'Neil
Twenty Hawley Street
Suite 200, East Tower
Binghamton, New York 13901
(607) 723-9494

_____
James F. O'Neil, Plaintiff

_____
Joann O'Neil, Plaintiff

## CLIENT VERIFICATION

I, **James F. O'Neil**, hereby certify, under the penalty of perjury, that I have carefully read and reviewed the annexed document(s) and that all information contained in the same is true and accurate in all respects to the best of my knowledge and understanding.

**I FURTHER CERTIFY**, under the penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document(s); that I provided all the information contained in the annexed document(s) to my attorney; and that I understand that my attorney, in executing the Attorney Certification required by 22 NYCRR 202.16(e), is relying entirely upon the information provided by me and upon my certification that all such information is true and accurate.

**I FURTHER CERTIFY**, that the annexed document(s) include all information which I provided to my attorney which is relevant to the same and that my attorney has not deleted, omitted, or excluded any such information.

Dated: 3/14/03

_____
James F. O'Neil

## CLIENT VERIFICATION

I, **Joann F. O'Neil**, hereby certify, under the penalty of perjury, that I have carefully read and reviewed the annexed document(s) and that all information contained in the same is true and accurate in all respects to the best of my knowledge and understanding.

**I FURTHER CERTIFY**, under the penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document(s); that I provided all the information contained in the annexed document(s) to my attorney; and that I understand that my attorney, in executing the Attorney Certification required by 22 NYCRR 202.16(e), is relying entirely upon the information provided by me and upon my certification that all such information is true and accurate.

**I FURTHER CERTIFY**, that the annexed document(s) include all information which I provided to my attorney which is relevant to the same and that my attorney has not deleted, omitted, or excluded any such information.

Dated: 3/14/03

_____
Joann O'Neil